UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
INSURANCE COMPANY OF THE      :
STATE OF PENNSYLVANIA,        :     Case No. Civ. 3:04cv1533(JBA)
          Plaintiff,          :
v.                            :
                              :
DEAN WATERFIELD               :
          Defendant.          :
```

## RULING ON PLAINTIFF'S MOTION TO REMAND
## AND FOR ATTORNEY'S FEES [DOC. #7]

The Insurance Company of Pennsylvania commenced an action in Connecticut Superior Court, Judicial District of Windham at Putnam, on November 18, 2003 against Dean Waterfield, alleging that Waterfield owed the Plaintiff $35,000.00 plus attorney's fees for its payment of a surety bond. The two parties engaged in substantial motion practice in state court until September 14, 2004, when the Defendant filed notice of removal. The Plaintiff then filed a motion to remand [Doc. #7] pursuant to 28 U.S.C. § 1447(c), and for costs and attorney's fees incurred as a result of removal proceedings. For the following reasons, the Plaintiff's motion will be granted.

**I. Factual Background**

The Insurance Company of the State of Pennsylvania is incorporated in Pennsylvania and its principal place of business is in New York. Dean Waterfield is a citizen of New Hampshire. This case arises out of a probate bond issued by the Plaintiff to

1

the Defendant in connection with his appointment as administrator
of the estate of his wife, Stephanie Waterfield.  After failing
to file an accounting of the estate funds or a succession tax
return, the Defendant was removed as the administrator of the
estate by the Probate Court, District of Sterling, Connecticut.
The successor administrator then made a claim against the bond
alleging that Waterfield had absconded with funds belonging to
the estate.  The Plaintiff Insurance Company paid $35,000.00 in
settlement of the claim.

## II. Standard

Under 28 U.S.C. § 1441(a), a civil action filed in state
court may be removed by the defendant to federal district court
if the district court has original subject matter jurisdiction
over the plaintiff's claim.  "If at any time before final
judgment it appears that the district court lacks subject matter
jurisdiction, the case shall be remanded.  An order remanding the
case may require payment of just costs and any actual expenses,
including attorney's fees, incurred as a result of removal."  28
U.S.C. § 1447(c).

The party asserting federal jurisdiction has the burden of
proving the case is properly before the federal court.  McNutt v.
General Motors Acceptance Corp., 298 U.S. 178, 189 (1936);
Melenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir.
2000); United Food & Commercial Workers Union v. Centermark

2

Props. Meridian Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).
Where the jurisdictional facts are challenged, the party
asserting federal jurisdiction must support those facts with
"competent proof" and "justify its allegations by a preponderance
of evidence." United Food, 30 F.3d at 301-302.  Courts should
construe the removal statute narrowly, resolving any doubts
against removal.  Lupo v. Human Affairs Int'l Inc., 28 F.3d 269,
274 (2d Cir. 1994) (citing Shamrock Oil & Gas Corp. v. Sheets,
313 U.S. 100, 108-109 (1941)).

## III. Discussion

### A.   Amount in Controversy

The Plaintiff argues that removal is improper in this case
because the amount in controversy is below the jurisdictional
minimum for federal subject matter jurisdiction.  Where
jurisdiction is based upon diversity of citizenship, the
defendant must show that the plaintiff and the defendant are
citizens of different states and that the amount in controversy
is in excess of $75,000.00.  28 U.S.C. § 1332(a)(1); United Food,
30 F.3d at 302.  The removing party bears the burden of proving
the amount in controversy to a "reasonable probability."
Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784
(2d Cir. 1994).  Where the damages sought are uncertain, doubt
should be resolved in favor of the plaintiff's pleadings.  Id. at
785.

3

The Plaintiff in this case has asserted claims for damages of $35,000.00 and for attorney's fees as a right of under a surety bond contract.  Attorney's fees may be included in the amount in controversy if they are recoverable as of right pursuant to statute or contract.  In re Ciprofloxacin Hydrochloride Antitrust Litig., 166 F. Supp. 740, 755 (E.D.N.Y. 2001) (citing Givens v. W.T. Grant Co., 457 F.2d 612, 614 (2d Cir. 1972, vacated on other grounds, 409 U.S. 56, 93 (1972)). The surety bond contract in this case provides that Waterfield will "indemnify Surety from all liability and loss, expenses and damages incurred as a result of furnishing bond, renewals, continuations, extensions, or increases in bond amount, including attorneys' fees incurred by Surety in enforcing this agreement." See Revised Complaint, Ins. Co. of Penn. v. Waterfield, CV-03-0071645-S, attached to Notice of Removal [Doc. #1] as Ex. 2. Because the Plaintiff is claiming attorney's fees under the surety bond contract, they may be included in calculating the amount in controversy for this case.

The Plaintiff states that its attorney's fees as of the date of the Notice of Removal are approximately $10,000.00.  Mot. to Remand [Doc. # 7] at 6.  The Defendant states however, that "[g]iven the bumpy road ahead, it is reasonably probable that the Plaintiff will incur another $30,000.00 in attorney's fees before final judgment."  Opp. to Mot. to Remand [Doc. # 8] at 6.  He

4

further asserts, without factual support, that "on average it costs more than $30,000 to try a hotly contested federal case." Id. at 4.  Defendant's arguments are entirely speculative; he has not provided any evidence that shows to a reasonable probability that the Plaintiff's attorney's fees will exceed $40,000.00. Thus he has not met his burden of proving to a reasonable probability that the amount in controversy exceeds the jurisdictional limit.  Tongkook, 14 F.3d at 784-785; see also Fallstrom v. L.K. Comstock & Co., No. 3:99CV952(AHN), 1999 WL 608835 at *2 (D. Conn. July 13, 1999)(where complaint "merely state[d], in accordance with Connecticut law, that the amount in controversy exceeds $15,000," and defendant had "not provided any credible argument, rationale, or evidence of any kind to support its assertion that the amount in controversy exceeds $75,000," attorney's fees were held to be "too speculative to satisfy the jurisdictional amount requirement.")

**B.   Timeliness**

The Plaintiff argues that removal of this case was untimely because the Defendant filed his Notice of Removal more than thirty days after receiving the initial complaint, in violation of 28 U.S.C. § 1446(b).[1]  The Defendant responds that he was able

---

[1]   The statute provides: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...  If the case stated

to ascertain removability only after the state court denied his motion for an extension of time to plead, because it then became evident to him that the Plaintiff's attorney's fees would be sufficient to bridge the $40,000.00 gap necessary to satisfy the minimum amount in controversy.  The issue is whether the state court's denial of Defendant's requested extension of time is the type of "order" under 28 U.S.C. § 1446(b) that may properly give the Defendant notice that the amount in controversy has reached the statutory minimum.

A defendant may remove a case from state court after the 30-day deadline but within one year of service of the complaint if an "order" or "other paper" allows the defendant to determine removability within that time frame.  <u>Id.</u>  An "order" or "other paper" within the meaning of the statute must contain a monetary amount or allow a specific amount to be ascertained.  For example, in <u>Viens v. Wal-Mart Stores, Inc.</u>, No. 3:96CV02602(AHN), 1997 WL 114763 (D. Conn. March 3, 1997), the district court held that when the complaint failed to state a specific monetary demand, the Defendant did not have adequate information to

_____

by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of [diversity] jurisdiction ... more than 1 year after commencement of the action."  28 U.S.C. § 1446(b).

ascertain the amount in controversy until the Plaintiff responded to interrogatories.  The response to the Defendant's discovery request contained actual figures to determine lost wages and specifically stated the Plaintiff's medical injuries from which an amount in controversy could be ascertained.  The Court therefore determined that the case was properly removed to federal court when the Defendant removed more than 30 days after receiving the complaint, but within 30 days of receiving answers to interrogatories.  Id. at *2.  Other papers or orders which can be used to ascertain removability, where the amount in controversy is in question, are documents such as the summons with notice, Day v. Zimmer Inc., 636 F. Supp. 451, 453 (N.D.N.Y. 1986) (the summons with notice set forth the amount in controversy, $250,000.00, which apprised the defendant of the necessary facts to determine removal), or a proposed second amended complaint, F.W. Myers & Co., Inc. v. World Projects Int'l, Inc., No. 96-CV-0763, 1996 WL 550135 *4 (N.D.N.Y. Sept. 19 1996), if these documents allow the determination of a specific monetary amount.

It was not possible in this case to ascertain removability from the state court's order denying the Defendant's motion for an extension of time.  That order reads: "Motion for extension of time to respond to the amended complaint is denied.  Motion for default for failure to plead against the defendant Dean

Waterfield is Granted.  Per Order of The Hon. Michael E. Riley."
Order dated 8/31/04, attached to Notice of Removal [Doc. # 1].
This order contains nothing regarding the amount in controversy.

Because the denial of the motion for extension of time was
not an "order" or "other paper" that would have excused the
Defendant from the 30-day deadline for removal of the case to
federal court, the Defendant's removal was untimely under 28
U.S.C. § 1446(b).

### C.   Costs and Fees for Improper Removal

Under the statute, a district court may award attorney's
fees to the non-removing party when it remands a case.  28 U.S.C.
§ 1447(c) ("An order remanding the case may require payment of
just costs and any actual expenses, including attorney's fees,
incurred as a result of removal.")  Awarding attorney's fees
serves the statute's goal of deterring improper removal. <u>Circle
Indust. USA, Inc. v. Parke Constr. Group, Inc.</u>, 183 F.3d 105, 109
(2d Cir. 1999).  The simplicity of the removal procedure can
subject a plaintiff to unnecessary expense and harassment, and
therefore a court may award attorney's fees if it finds a
defendant has removed a case to federal court for such improper
reasons. <u>Id.</u> at 109.  The Second Circuit has held that awards of
costs and attorney's fees do not require a showing of bad faith
removal. <u>Morgan Guaranty Trust Co. v. Republic of Palau</u>, 971
F.2d 917, 923 (2d Cir. 1992).  However, bad faith is often

considered.  Frontier Ins. Co. v. MTN Owner Trust, 111 F. Supp.
376, 381 (S.D.N.Y. 2000).  An award of costs and fees is within
the trial court's discretion and requires the application of a
test of "overall fairness given the nature of the case, the
circumstances of remand and the effect on the parties."  Morgan,
971 F.2d at 924; see also Mermelstein v. Maki, 830 F. Supp. 184,
186 (S.D.N.Y. 1993).

     In this case, it appears that the Defendant has improperly
engaged in a tactic of stalling and delay.  In the ten months
this case was pending in state court, he was defaulted twice for
failure to plead.  See Docket Sheet, Ins. Co. of Penn. v.
Waterfield, CV-03-0071645-S, attached to Notice of Removal [Doc.
#1] as Ex. 4.  He also filed a Motion to Stay the litigation, a
Motion to Dismiss, and a Request to Revise the Complaint, all of
which were denied, and two successive motions for extensions of
time to plead, the latter of which was denied.

     The Defendant then filed the present notice of removal,
without any reasonable basis for believing the amount in
controversy at that time approached $75,000.00, or that the order
denying his motion for an extension of time was such as to excuse
his failure to file within 30 days of service of the complaint as
required by statute.  The Defendant is pro se, and therefore he
is to be granted certain allowances.  However, given the apparent
pattern of his dilatory tactics in this case, the Court concludes

that overall fairness requires Defendant to pay Plaintiff's attorney's fees for the time required to respond to the Defendant's notice of removal.  The notice of removal complicated and delayed what is otherwise a simple state law breach of contract case, to the prejudice of the Plaintiff, and thus attorney's fees are warranted.  See Shamoun v. Peerless Importers, Inc., No. 03 CV 1227(NG), 2003 WL 21781954 (E.D.N.Y.) at *4 (court awarded attorney's fees because the complaint presented a straightforward state law breach of contract claim, issues involved were not novel, and the impropriety of removal was clear given applicable case law).

**IV.  Conclusion**

Accordingly, Plaintiff's motion to remand is granted and the Clerk shall remand this action to the Connecticut Superior Court, Judicial District of Windham at Putnam.

Plaintiff's motion for attorney's fees is also granted and Plaintiff shall file an affidavit, with contemporaneous time records, within 30 days of the date of this order.  The Defendant may contest the reasonableness of the Plaintiff's fee request by filing an opposition brief within 10 days.

IT IS SO ORDERED.

_____/s/_____
JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 25th day of May, 2005.**

10